UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JAIME SOLIS-PONCE,
          *Defendant-Appellant.*

No. 02-4632

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-02-246)

Submitted: March 20, 2003

Decided: April 1, 2003

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Kevin Frank McDonald, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jaime Solis-Ponce pled guilty to being an alien who entered the United States, without obtaining the consent of the Attorney General, after having been previously convicted of an aggravated felony and deported, in violation of 8 U.S.C. § 1326 (2000). He was sentenced under § 1326(b)(2) to forty-six months of imprisonment.

On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issues, whether the district court: (1) failed to comply with Fed. R. Crim. P. 11 during the plea hearing and (2) erred in calculating Solis-Ponce's range under the Sentencing Guidelines and in sentencing him to forty-six months of imprisonment. For the reasons that follow, we affirm.

Because Solis-Ponce did not attempt to withdraw his plea, we review the district court's compliance with Rule 11 for plain error, *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002), and find none. *See also United States v. Olano*, 507 U.S. 725, 731-32 (1993).

Neither did Solis-Ponce object to the calculation of his sentence in his presentence report or at sentencing. Thus, we review this issue for plain error. *See* Fed. R. Crim. P. 52(b); *Olano*, 507 U.S. at 731-32; *United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995). We find no plain error in the district court's calculation of Solis-Ponce's Guideline range or sentence. To the extent Solis-Ponce objects to his forty-six month sentence, we are precluded by 18 U.S.C. § 3742(a) (2000) from reviewing a sentence imposed within a properly calculated Guideline range. *See United States v. Porter*, 909 F.2d 789, 794-95 (4th Cir. 1990). We note that Solis-Ponce received the minimum sentence within the range.

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his

client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*